## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**PATRICK S.,[1]**

        **Plaintiff,**

                                **Case No. 3:23-cv-3166**

    **v.**                        **Magistrate Judge Norah McCann King**

**FRANK BISIGNANO,[2]**
**Commissioner of Social Security,**

        **Defendant.**

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Patrick S. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application. After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Frank Bisignano, the current Commissioner of Social Security, is substituted as Defendant in his official capacity. *See* Fed. R. Civ. P. 25(d).

## I.    PROCEDURAL HISTORY

On February 4, 2021, Plaintiff filed his application for benefits, alleging that he has been disabled since June 30, 2019. R. 64–73, 183–84. The application was denied initially and upon reconsideration. R. 91–95, 97–101. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). R. 102. ALJ Sharon Allard held a hearing on February 15, 2022, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 36–63. In a decision dated March 2, 2022, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from June 30, 2019, Plaintiff's alleged disability onset date, through the date of that decision. R. 15–30. That decision became final when the Appeals Council declined review on April 21, 2023. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On August 15, 2023, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 6.[3] On February 15, 2024, the case was reassigned to the undersigned. ECF No. 12. The matter is ripe for disposition.

## II.    LEGAL STANDARD

### A.    Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. § 405(g). The United States Supreme Court has explained this

---

[3]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g., Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham.");

3

*see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short

4

paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

**B.    Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R.

5

§ 404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 404.1509. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in

the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do

so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the

impairment or combination of impairments has lasted or is expected to last for a continuous

period of at least twelve months.

## III.    ALJ DECISION AND APPELLATE ISSUES

Plaintiff met the insured status requirements of the Social Security Act through

December 31, 2024. R. 17. He was 37 years old on June 30, 2019, his alleged disability onset

date. R. 28. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful

activity between that date and the date of the decision. R. 17.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments:

lumbar and cervical radiculopathy with arthropathies status post cervical spine fusion surgery,

left shoulder arthroscopic surgery, left knee arthroscopic surgery, thoracic disorder, anxiety, and

depression. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of

impairments that met or medically equaled the severity of any Listing. R. 18–20.

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work subject

to various additional limitations. R. 21–28. The ALJ also found that this RFC did not permit the

performance of Plaintiff's past relevant work as a construction trainee and senior field operator.

R. 28.

At step five and relying on the testimony of the vocational expert, the ALJ found that a

significant number of jobs—*e.g*., jobs as an order clerk, an information clerk, and an electronics

assembler—existed in the national economy and could be performed by Plaintiff despite his

reduced RFC. R. 29–30. The ALJ therefore concluded that Plaintiff was not disabled within the

meaning of the Social Security Act from June 30, 2019, his alleged disability onset date, through the date of the decision. R. 30.

Plaintiff disagrees with the ALJ's findings at step four. *Plaintiff's Brief,* ECF No. 7. The Commissioner takes the position that his decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief*, ECF No. 11.

## IV.    SUMMARY OF RELEVANT EVIDENCE

Plaintiff was involved in a motor vehicle accident on June 30, 2019, sustaining injuries to his cervical, thoracic, and lumbar spine and both shoulders. R. 22, 589. On October 16, 2019, he underwent ACDF surgery and a C5-6 spinal fusion. R. 22, 590, 631, 642. On November 27, 2020, he also underwent arthroscopic surgery and rotator cuff repair on his left shoulder. R. 17, 24, 27, 66, 631. On April 24, 2021, Plaintiff was involved in a second motor vehicle accident, sustaining injuries to his low back, legs, knees, and ankle. R. 22, 630, 646, 802. On June 9, 2021, he underwent arthroscopic surgery to his left knee. R. 17, 808.

Plaintiff disagrees with the ALJ's consideration of Plaintiff's subjective complaints relating to his physical impairments, arguing that the ALJ relied on a mischaracterization of the evidence. *Plaintiff's Brief*, ECF No. 7, pp. 14–19. For the reasons that follow, the Court concludes that this issue requires remand.

## V.    DISCUSSION

"Subjective allegations of pain or other symptoms cannot alone establish a disability." *Miller v. Comm'r of Soc. Sec.*, 719 F. App'x 130, 134 (3d Cir. 2017) (citing 20 C.F.R. § 416.929(a)).  Instead, objective medical evidence must corroborate a claimant's subjective

complaints. *Prokopick v. Comm'r of Soc. Sec.*, 272 F. App'x 196, 199 (3d Cir. 2008) (citing 20

C.F.R. § 404.1529(a)). Specifically, an ALJ must follow a two-step process in evaluating a

claimant's subjective complaints. SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). First, the ALJ

"must consider whether there is an underlying medically determinable physical or mental

impairment(s) that could reasonably be expected to produce an individual's symptoms, such as

pain." *Id*. "Second, once an underlying physical or mental impairment(s) that could reasonably

be expected to produce an individual's symptoms is established, [the ALJ] evaluate[s] the

intensity and persistence of those symptoms to determine the extent to which the symptoms limit

an individual's ability to perform work-related activities[.]" *Id*.; *see also Hartranft v. Apfel*, 181

F.3d 358, 362 (3d Cir. 1999) ("[Evaluation of the intensity and persistence of the pain or

symptom and the extent to which it affects the ability to work] obviously requires the ALJ to

determine the extent to which a claimant is accurately stating the degree of pain or the extent to

which he or she is disabled by it.") (citing 20 C.F.R. § 404.1529(c)). In conducting this

evaluation, an ALJ must consider the objective medical evidence as well as other evidence

relevant to a claimant's subjective symptoms. 20 C.F.R. § 404.1529(c)(3) (listing the following

factors to consider: daily activities; the location, duration, frequency, and intensity of pain or

other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side

effects of any medication you take or have taken to alleviate pain or other symptoms; treatment,

other than medication, currently received or have received for relief of pain or other symptoms;

any measures currently used or have used to relieve pain or other symptoms; and other factors

concerning your functional limitations and restrictions due to pain or other symptoms). Finally,

an "ALJ has wide discretion to weigh the claimant's subjective complaints, *Van Horn v.*

*Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983), and may discount them where they are unsupported

by other relevant objective evidence." *Miller*, 719 F. App'x at 134 (citing 20 C.F.R. § 416.929(c)); *see also Izzo v. Comm'r of Soc. Sec.,* 186 F. App'x 280, 286 (3d Cir. 2006) ("[A] reviewing court typically defers to an ALJ's credibility determination so long as there is a sufficient basis for the ALJ's decision to discredit a witness.").

In addition, a claimant's RFC is the most that the claimant can do despite his limitations. 20 C.F.R. § 404.1545(a)(1). At the administrative hearing stage, it is the ALJ who is charged with determining the claimant's RFC. 20 C.F.R. § 404.1546(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

In the case presently before the Court, the ALJ determined that Plaintiff had the RFC to perform a limited range of sedentary work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant could lift and carry up to ten pounds occasionally and less than ten pounds frequently. He could stand and walk two hours and sit six hours in an 8-hour workday. He could occasionally climb ramps and stairs, balance on wet, motiving [sic], or uneven surfaces, and kneel stoop, and

10

crouch. He cannot crawl, or climb ladders, ropes, or scaffolds. The claimant could engage in frequent handling and fingering with *frequent reaching laterally and in format* [sic], and he could *occasionally reach overhead with the left upper extremity*. In addition, the claimant could understand, and execute simple, routine tasks.

R. 21 (emphasis added). In crafting this RFC, the ALJ specifically considered Plaintiff's

subjective complaints. R. 22. The ALJ found that Plaintiff's medically determinable impairments

could reasonably be expected to cause symptoms, but that Plaintiff's statements "concerning the

intensity, persistence and limiting effects of these symptoms are not entirely consistent with the

medical evidence and other evidence in the record for the reasons explained in this decision[,]"

explaining that

> [a]s for the claimant's statements about the intensity, persistence, and limiting effects of his or her [sic] symptoms, they are inconsistent because *the longitudinal record reflects only mild to moderate mental and physical findings* related to his impairments. Moreover, the *claimant maintains the ability to carry out an array of activities despite these conditions*. Overall, the claimant's symptomatology is accommodated by the sedentary exertional capacity outlined above. Thus, while the claimant's impairments are severe, they are not preclusive of all work.

*Id*. (emphasis added). After detailing Plaintiff's significant medical history, the ALJ concluded

that her RFC for a limited range of sedentary work sufficiently accommodated Plaintiff's

physical limitations despite his more severe subjective complaints:

> The claimant has a significant history of traumatic injury, cervical fusion surgery, and arthroscopic surgery on the left shoulder and knee, the claimant reports that he can do a variety of physical tasks with only some assistance with tasks that require him to reach or bend deeply. (3E). He testified that he is limited to lifting 5 pounds with the left arm, and only 8-10 pounds with the right, and that he is limited to walking only a few hundred feet and sitting and standing for a few minutes while shifting to change position for comfort. (Hearing Testimony). In addition, while he has these limitations, *he testified that he is not in any current treatment or on any medication to manage the residual effects of these symptoms*, and that he does not use any type of assistive device. (Hearing Testimony). Moreover, he reports that he could prepare simple meals and perform light house chores, shop in stores with his spouse, manage money, watch television, <u>reach</u>, listen to music, and use the phone for talking, emailing, and texting. (3E). Overall, considering the claimant's physical conditions, surgical history, and the residual effects thereof, the undersigned finds

> that the claimant's physical restrictions and actual activities of daily functioning are more consistent with the sedentary exertional capacity with additional postural, manipulative, and environmental restrictions to fully accommodate the claimant's history, treatment, and residual effects of his conditions.

R. 25 (emphasis added).

Plaintiff argues, *inter alia*, that the ALJ mischaracterized the record when she considered Plaintiff's subjective complaints of pain and in formulating Plaintiff's RFC. *Plaintiff's Brief*, ECF No. 7, pp. 14–19. The Commissioner responds that the ALJ properly considered Plaintiff's subjective complaints and that substantial evidence supports the ALJ's RFC determination. *Defendant's Brief*, ECF No. 11, pp. 21–23. The Commissioner specifically points to the ALJ's observation that Plaintiff "testified that he was not in any current treatment or on any medication to manage the residual effects of these symptoms" and argues that the ALJ substantially credited Plaintiff's subjective statements when limiting him to sedentary work. *Id*. at 22-23 (citing, *inter alia*, R. 21, 25, 47, 49, 52).

The Commissioner's arguments are not well taken. The ALJ's rationale in discounting Plaintiff's subjective statements is internally inconsistent and based on a mischaracterization of the evidence. For example, the ALJ stated both that Plaintiff was not currently taking medication and that Plaintiff's "residual neck and left shoulder" pain was nonetheless "managed with *medication* and physical therapy." R. 27 (emphasis added).

More significantly, the ALJ misstates the evidence when finding that Plaintiff "testified that *he is not in any current treatment* or on any medication to manage the residual effects of these symptoms [that he is limited to lifting 5 pounds with the left arm, and only 8–10 pounds with the right, and that he is limited to walking only a few hundred feet and sitting and standing for a few minutes while shifting to change position for comfort.]" R. 25 (citing "Hearing Testimony") (emphasis added). A fair reading of the hearing transcript and of the medical record

12

belies the ALJ's assertion that Plaintiff testified that he was not undergoing treatment. Specifically, at the outset of the hearing, Plaintiff's counsel stated, *inter alia*, that Plaintiff has "engaged in a lot of injection therapy. Trigger point injections, thoracic interlaminar steroid injections, lumbosacral interlaminar steroid injections[.]" R. 42–43; *see also* R. 586 (reflecting interlaminar epidural steroid injections on April 14, 2021), 588 (reflecting thoracic epidural steroid injection on April 14, 2021). It is true that, in response to his counsel's inquiry, "Other than the surgery, and as I mentioned before, the injections, do you take any medication to help you relieve your pain since the original motor vehicle accident?" Plaintiff responded, "No." R. 52. However, Plaintiff did not testify that "he was not in any current treatment[,]" as stated by the ALJ. R. 25, 42–43, 52.

Moreover, the medical record documents Plaintiff's on-going treatment. On January 21, 2022, *i.e.,* less than one month prior to the administrative hearing, a provider noted, *inter alia*, that Plaintiff "will continue physical therapy to maximize conservative treatment" and that the provider believed that Plaintiff "is a good candidate for a Spinal Cord Stimulator implantation."[4] R. 825 (reflecting further that Plaintiff suffered from cervical radiculopathy, cervical disc displacement, thoracic radiculopathy, thoracic disc displacement, lumbar radiculopathy, and left shoulder pain); *see also* R. 824 (January 21, 2022, treatment notes reflecting, *inter alia*, deficits in range of motion of the cervical spine and lumbar spine on flexion and extension as well as positive Spurling maneuver on left; positive left shoulder abduction test, positive bilateral kemp

---

[4] *See Acosta v. Colvin*, No. 15-CV-4051 (RLE), 2016 WL 6952338, at *6 n.10 (S.D.N.Y. Nov. 28, 2016) ("A spinal cord stimulator is a device used to treat 'severe chronic nerve pain' that is unresponsive to conservative treatments, such as medication and physical therapy. 'A wire is placed within the spinal canal and connected to an electrical generator implanted beneath the skin in the abdomen,' and 'electrical pulses are directed along a nerve to block or override pain impulses traveling along same nerve.'") (citation omitted).

test, tenderness over the bilateral occipital ridge; tenderness on palpation over the thoracic T5-T10 facet region; straight leg raising test positive on left at 45 degrees and positive on right at 30 degrees; and positive bilateral fact loading test). Accordingly, the ALJ's statement that Plaintiff testified that he was not undergoing any current treatment mischaracterized both the hearing testimony and the medical evidence. *See id*.

Under these circumstances, the Court cannot conclude that substantial evidence supports the ALJ's consideration of Plaintiff's subjective statements or the physical RFC determination. Although an "ALJ has wide discretion to weigh the claimant's subjective complaints, *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983), the ALJ may not reject subjective statements "'for no reason or the wrong reason[.]'" *Rutherford*, 399 F.3d at 554 (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)); *see also Murphy v. Comm'r of Soc. Sec.*, No. 1:19-CV-20122, 2020 WL 7022746, at *6 (D.N.J. Nov. 30, 2020) ("The ALJ's reliance on this misconception, along with other unsupported mischaracterizations of Plaintiff's physical abilities . . . permeates the ALJ's decision. As stated above, these errors cannot be separated from the ALJ's analysis of other record evidence such that the Court may determine whether substantial evidence supports the ALJ's RFC analysis."); *Coniglio v. Colvin*, No. CV 15-40, 2016 WL 4385870, at *9 (E.D. Pa. July 26, 2016), *report and recommendation adopted*, No. CV 15-40, 2016 WL 4270334 (E.D. Pa. Aug. 15, 2016) ("However, an analysis based on factual errors and mischaracterizations of the evidence cannot provide substantial evidence to find that a claimant's complaints of pain are not credible."); *cf. Sutherland v. Comm'r Soc. Sec.*, 785 F. App'x 921, 928 (3d Cir. 2019) ("[T]he ALJ still may choose whom to credit but 'cannot reject evidence for no reason or the wrong reason.'") (quoting *Morales*, 225 F.3d at 317).

This Court therefore concludes that remand of the matter for further consideration of these issues is appropriate.[5] Moreover, remand is appropriate even if, upon further examination of Plaintiff's subjective statements and the physical RFC determination, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation.").

## VI.    CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date:  June 23, 2025                    *s/Norah McCann King*
                                   NORAH McCANN KING
                                   UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff asserts other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Plaintiff's subjective statements and the physical RFC determination, the Court does not consider those assertions.